# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| SAFRON HUOT, | ) |
| | ) CV-17-46-BU-JCL |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:17-03608 |
| | ) |
| MONTANA STATE DEPARTMENT OF | ) |
| CHILD AND FAMILY SERVICES, *et al.*,) | |
| | ) |
| Defendants. | ) |

## ORDER TRANSFERRING CASE

On July 11, 2017, Plaintiff, proceeding *pro se*, filed her Complaint (Document No. 1), "Consent to Jurisdiction" (Document No. 2), Motion to Proceed *In Forma Pauperis* (Document No. 3), Motion for Appointment of Counsel (Document No. 4), and "Motion to Set Aside Adoption & Reinstate Full Parental Rights" (Document No. 5). In her Complaint, Plaintiff appears to seek relief for alleged violations of her constitutional and civil rights pursuant to 42 U.S.C. § 1983. (Document No. 1.) Specifically, Plaintiff alleges that her rights were violated during State court proceedings that resulted in the termination of her parental rights and the adoption of her children. (Id., pp. 5 - 11.) As defendants, Plaintiff names the following: (1) Montana State Department of Child and Family Services; (2) Montana Supreme Court; (3) Deer Lodge County District Court of Montana; (4) Judge Ray Dayton; (5) Cal Boyal; (6) Cindy Johnson; (7) Deer Lodge Medical Center; (8) Wayne R. Martin, M.D.; (9) Susanne M. Clague; (10) Ben Krakowka; (11) Susan Day, PH.D.; (12) Dave Fenchak; (13) Mary Jo Fortner; and (14) Roger Fortner. (Id., pp. 1 - 4.)

Pursuant to 28 U.S.C. § 1391(b), a Section 1983 or Bivens claim "may be brought only in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no judicial district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." See Stafford v. Briggs, 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980)(finding that the venue provisions relating to civil actions in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority are not applicable to actions for money damages brought against federal official in their individual capacities); also see Howard v. Birchfiled, 2009 WL 3617224 (W.D.Okla. Oct. 28, 2009)("Because 42 U.S.C. § 1983 does not contain a specific venue provision, venue for a § 1983 action is determined by the general venue statute, 28 U.S.C. § 1391(b)."); Byrd v. United States, 2010 WL 4922519 (E.D.Va. 2010)(finding that *Bivens* actions are governed by Section 1391(b)).

The Court first finds that all parties are residents of Montana. Upon initial screening, the undersigned has determined that Plaintiff is challenging substantial events that occurred in Anaconda, Montana. Anaconda is located in Deer Lodge County, which is located in the Butte Division of the District of Montana. Accordingly, the United States District Court for the District of Montana, Butte Division, would be the proper venue with jurisdiction over Plaintiff's claims. See 28 U.S.C. § 1391.

For reasons appearing to the Court, and pursuant to 28 U.S.C. § 1404(a), this matter is hereby **TRANSFERRED** to the United States District Court for the District of Montana for

2

further consideration.[1] The Clerk is directed to transmit Plaintiff's file to the following address:

>Clerk of Courts
>United States District Court for the District of Montana
>James F. Battin Federal Courthouse
>2601 2nd Avenue North
>Billings, Montana 59101

Plaintiff is hereby advised that this matter will be assigned a new case number and will be assigned to a new judicial officer by the Clerk's Office for the United States District Court for the District of Montana. The Clerk is directed to mail a copy of this Order to Plaintiff.

ENTER: July 19, 2017.

David A. Faber
Senior United States District Judge

---

[1] The undersigned notes that this Court has neither made a determination concerning the merits of Plaintiff's Complaint, nor has the Court ordered a response from Defendants.

3